IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| MS. WALKER, 3rd Shift Prison Guard, | : | NO. 1:07-CV-2 (WLS) |
| Defendants | : | **ORDER TO SHOW CAUSE** |

Plaintiff **GREGORY GILLILAN**, an inmate at Autry State Prison ("ASP") in Pelham, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983.

*I. MOTION TO AMEND*

As a preliminary matter, the Court notes that plaintiff has filed a motion to correct the name of defendant Ms. Silley to "Ms. Walker" (Tab # 4). Plaintiff's motion is **GRANTED** and the caption of the complaint is amended accordingly.

*II. BACKGROUND*

On December 29, 2006, plaintiff alleges that he received a letter from the clerk's office of the U.S. District Court for the Middle District of Georgia pertaining to one of the many civil actions that plaintiff has filed in this Court, *Gillilan v. Johnson*, civil action number 1:06-cv-177 (WLS).[1] Plaintiff claims that defendant Ms. Walker confiscated the letter and apparently has refused to give it back to plaintiff.

---

[1] According to the Court's docket, the letter to which plaintiff refers is the Court's standard referral order, which was mailed to plaintiff on December 27, 2006.

The court-provided section 1983 complaint form has a section that asks whether the plaintiff pursued a prisoner grievance procedure. Plaintiff responded positively but, in response to the question "What were the results?", plaintiff states "nothen [sic] but BS." In response to the question, "Did you appeal any adverse decision to the highest level possible in the administrative procedure?", plaintiff circled "yes" and as to the results, plaintiff stated "nothen [sic] but denial." Plaintiff's complaint is dated December 30, 2006, and was received by this Court on January 4, 2007.

## III. DISCUSSION

It appears that plaintiff has not exhausted his administrative remedies under the prison grievance system <u>prior to</u> submitting his lawsuit in this Court, as he is required to do under 42 U.S.C. § 1997e(a). Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." ***See Booth v. Churner***, 532 U.S. 731, 741 n.6 (2001) (exhaustion is required whether the plaintiff seeks monetary damages, declaratory and injunctive relief, or both).

The Eleventh Circuit Court of Appeals has explained that "an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." ***Brown v. Sikes***, 212 F.3d 1205, 1207 (11th Cir. 2000). <u>Before</u> filing a section 1983 complaint in Court, a prisoner must have filed an administrative grievance and received a ruling on the grievance. ***Id.*** at 1207. Prisoners must not simply initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. ***See Booth***, 532 U.S. at 740; ***Moore v. Smith***, 18 F. Supp. 2d

1360, 1362 (N.D. Ga. 1998) (finding that a prisoner lawsuit in which the denial of a grievance was not appealed must be dismissed under section 1997e). The exhaustion requirement is mandatory and cannot be waived even when the grievance process is futile or inadequate. *Alexander v Hawk*, 158 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).

The event underlying plaintiff's grievance occurred the day before plaintiff filed his complaint in this case. It thus does not appear possible that plaintiff both received a response to his grievance as well as to the appeal of his grievance. Because plaintiff is proceeding *pro se*, the Court directs him to **SHOW CAUSE** to the Court, if he has any, why his lawsuit should not be dismissed for failing to exhaust administrative remedies as required by law. Specifically, plaintiff is instructed to provide additional specific allegations that indicate he has in fact exhausted his administrative remedies prior to his filing of this lawsuit on December 30, 2006. If possible, plaintiff should attach copies of all grievance filings, appeals, and responses.

After considering the exhaustion provisions summarized in this order, plaintiff may wish to withdraw his complaint and thereby avoid having funds taken from his prison account, as required by 28 U.S.C. § 1915(b). If so, he may file a motion to voluntarily dismiss this action pursuant to Fed.R.Civ.P. 41(a) and refile his lawsuit, once he is able to show that he has exhausted his administrative remedies as required by law. Otherwise, plaintiff is given **TWENTY (20) DAYS** from his receipt of this order to respond to this Order to Show Cause.

If plaintiff fails to respond to this Order to Show Cause and to allege that he exhausted his administrative remedies <u>before</u> he filed this complaint (and not simply before his response to this

Order), this lawsuit will be subject to immediate dismissal.  There shall be **no service of process** until further order of the Court.

  **SO ORDERED**, this 30th day of January, 2007.


        */s/ Richard L. Hodge*
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE